Proceed. Council, then you may proceed when you are ready. Good morning, Your Honors. Council, may I please report. My name is Erin Johnson with the Office of the State Appellate Defender, and I am representing the defendant appellant, Mr. Michael James, in this case. Mr. James is here on direct appeal after his jury trial where he was convicted of four counts of unlawful delivery of a controlled substance. Now the issue in this case is that the trial court erred in denying the defendant's motion to dismiss based on statutory city trial grounds in this case where Mr. James was held in custody for 147 days before being charged. Now, Mr. James was taken into custody July 24th of 2013. The only document purporting to be a charge at that time was a complaint, and although it's titled a complaint, it's not signed by anyone at all. No name appears as to who is bringing this complaint. No other charging documents were filed in this case until December 18th, 2013, which was 147 days after the custody date. Wouldn't the question in this case be when is speedy trial demand triggered? At what point is it triggered? Well, I think that that is actually pretty well settled. The case law is pretty clear that if a defendant's in custody, the speedy trial date begins to run from the date of custody, and then it has to be trialed in 120 days unless there's some delay occasioned by the defendant. And our argument here is that there was no delay occasioned by the defendant. The delay in this case was completely owing to the fact that the state had not properly charged Mr. James. So it doesn't matter that he acquiesced or agreed to the continuances? Right. In this case, because there was no charge on which he could be agreeing to continuances, the charge was... But didn't you just say that speedy trial is triggered by the time they come into custody? Yes. So the state... So I'm not following your reasoning, I think. I'm a little confused. Well, so speedy trial provides that any defendant placed in custody for an offense must be charged within 100... or must be brought to trial within 120 days. Unless there's a delay occasion. Right. And in this case, Mr. James was taken into custody for these offenses, but no valid charging documents were filed. So he's just being held in custody without any valid charge. So in speedy trial, really, and that's the issue in this case, speedy trial is really the only protection a defendant in Mr. James' position has in terms of a time limitation. And I think what's interesting or, I guess, what was so, I guess, not logical about the trial court's ruling is the trial court, in denying the defendant's motion, said that holding someone in custody until a decision is made whether or not to charge them is not unconstitutional and it doesn't trigger a speedy trial. The trial court, I guess, not very understandably says, well, the state hadn't committed to prosecuting you. That's why there's no charges. So there's no problem here because where the state hasn't committed to prosecuting you, we don't have any problem. You can just sit in custody. And that's the problem. There's, you can't, it cannot be the rule that a defendant can be held in custody with no time limitation while the state decides whether or not to file charges. And what's your authority for that? Well, certainly, speedy trial, obviously, as I'm saying, runs from 120 days. From the date of what? From the date of custody. Okay. So where's your authority for 120 days from the date that they're charged with a formal charging? Well, so I'm not saying it's 120 days from the date of formal charging. I'm saying it's 120 days from when the defendant's taken into custody. All right. And the fact is, when we look at cases, some of the cases that are cited in our brief, Hampton, which is a Second District, Peabody, Hampton, Second District case from 2009, this Court said speedy trial begins to run from the date the defendant's taken into custody. And it runs automatically. Right. So in this case, he was taken into custody when? July 24th, 2013. So July 31st, September 9th, October 24th, November 17th, there were continuances by agreement. December 12th, the defendant didn't object to continuance. Right. So I guess I'm really confused. Why are we bringing up when he was charged versus when he was taken into custody? Because when trial counsel below what they argued and what we're arguing is, even though there are these agreements to continuances by counsel after that July 24th date, there's no valid charge on which defense counsel can make an agreement. And really, and that's the point we're making in our brief, is that without formally charging the defendant, he is without protection from many of the rights that a defendant can use to get discovery. If we look at Peabody-Coleman, which is this Court's case, this Court ruled that where a defendant was only charged with a complaint for a felony and an indictment hadn't been filed, the defendant had no rights under Supreme Court 411 to demand discovery. And in Coleman, this Court specifically stated that, because in that case, it's factually different because the defendant had been charged by complaint, then he went on warrant status for five years, came back. And when he came back, the State indicted him. He had asked to produce the drugs that formed the basis of the charge. The State responded, we destroyed them. And the State said, well, the delay here is the fault of the defendant. He went on warrant status. And this Court said, no, the delay in bringing this indictment is the State's. The power and the duty to charge a defendant lies solely with the State. So here, where a defendant is brought into custody on this insufficient document, I hesitate to use title complaint. Everyone referred to it as a complaint for a preliminary hearing. But it's not signed by anyone. It's under no statute in Illinois sufficient to charge a defendant with any offense. But yet he's held in custody by the trial judge. And then he sits for 147 days before the indictment is brought. And before the indictment is brought, he can't ask for discovery per Coleman. And then if we look at cases such as Vasquez, this Court found that where you haven't been indicted or information hasn't been filed on a felony, you don't have your 60-mile right to counsel. Let me ask you a question here. Is your position that the complaint is not a formal charging document? It's not a charging document at all, yes. That's my position. And the fact that it's signed or unsigned merely makes it worse than worse, I guess. Yes. Is that what you're saying? It makes our position stronger, I would argue. I mean, if it's signed, we still have the problem that this is a felony, so you can't charge it by complaint. But here it's not even signed, so I think it's worse. Okay. Thank you. So you're saying that if the defendant isn't charged by a formal charging document, they're not entitled to counsel? That's what Vasquez says under the Sixth Amendment. Under the Sixth Amendment. So have you ever been in a courtroom where a defendant is brought before the trial judge three, four, five, six, seven times before there's a formal charging document and he's not represented by counsel? Counsel has not been appointed? I mean, that could happen. I mean, just certainly, I mean, your question gets into certainly, I guess the question also would need to know whether that person actually is indigent because certainly someone could come before the court several times saying, I'm going to get an attorney. They haven't got an attorney. But in terms of it being appointed, sometimes there are two or three dates in a trial court before someone gets appointed counsel. Was that the case in this case? No. In this case, he was represented by counsel from the beginning. He was represented by counsel. And from the beginning, counsel was agreeing to continue the matter. That's correct. And I would echo what Counselor DeBlois, the issue here isn't that trial counsel, because when we look at the speedy trial statute, again, it says delay occasioned by the defendant. And here, we can't say, nothing defendant did cause this indictment to be delayed 147 days. And, in fact, there's no explanation in the record for why the state doesn't charge the defendant for 147 days after he's brought into custody. Well, typically, that's because they're trying to work out some kind of plea deal, right? It's an informal system where they're trying to work out a plea during this initial four months or whatever, and then they find, well, we can't work it out, so we're going to indict him, and we're going to eventually look for a trial date. I mean, certainly that could be the case, but there's nothing in the record that suggests that is the case here. And I think the thing that's problematic about assuming that, okay, it was just because they were trying to work things out, is that that then allows the state to put someone in custody where they haven't filed any formal charge documents. And as I stated before, there are significant rights that are triggered only by the filing of formal documents. This isn't even a case where, you know, the state filed information, but there was a delay in the preliminary hearing, and then the indictment comes later. That's not what we have here. We have this completely unsigned document holding the defendant in custody, and really, although I understand that in this case he did have an attorney who was present and who was agreeing to this continuum, it says he didn't have any actual protection under the law to demand discovery, to demand that he have a Sixth Amendment right to counsel based on the case law. But he's not claiming he didn't get discovery, right? Right. I mean, that's not his issue. Right. He had a lawyer the whole time. His lawyer's agreeing, and actually a good lawyer. His lawyer is agreeing to these dates. Doesn't he forfeit that in some fashion or some manner by just saying, how can he say, okay, I'm going to agree to all these dates, but then you get to a certain point, it's like, oh, forget it. I'm not agreeing to anything, and we're filing a motion for speedy trial. Well, and again, I would go back to the point of there's no reason to assume or suggest that the state, again, who has the duty and burden to file these charges, was in any way delayed by the defendant agreeing to pretrial continuances. I mean, there's nothing on the record that says, oh, we were delayed in filing any kind of formal charges, even in information. Why is the state not filing an information or anything that validly charges a felony here? Because there was no preliminary hearing. Right. There was no preliminary hearing here. Did the defendant ever ask for a preliminary hearing? There's nothing on the record that indicates there was ever a demand or a waiver of a preliminary hearing. Does that amount to a waiver? No, and I would point to the actual statute for preliminary hearing. When you look at 725.5-109-3, which is preliminary examination, but then 3.1 is actually a person charged with a felony. So 109-2.1 talks about, in any case involving a person charged with a felony in the state, and that's where the defendant, and it goes on to say the defendant can ask for a preliminary hearing or shall be held within 30 days. The defendant here isn't charged with a felony. The defendant's charged with nothing. So even, and I think that's where the trial court was really wrong in its decision. They said in denying the defendant's motion, the trial court said, well, you could have demanded a preliminary hearing, and I'm stating that he could not have demanded a preliminary hearing given the documents that were filed in this case. And I understand the reality of this. Was he in a misdemeanor courtroom or was he in a felony courtroom? He was in a felony courtroom. So then he was going to be charged with a felony offense, correct? All these offenses are felonies. There's no issue here of perhaps they were the type of, you know, there's other cases such as Vasquez where in Vasquez she was charged with a misdemeanor DUI but ultimately charged with a felony. There's nothing like that here. These are delivery of controlled substance. They were always felonies. The complaint list, the complaint, which, again, I don't think is a complaint, lists them as felonies. So there's no issue here of he was first going to be charged with a misdemeanor and then it was enhanced. This is always meant to be a felony. But for reasons unknown, the state didn't bring proper charges. And I understand the reality of the cases that Mr. James did have counsel and he was present in court. But counsel did bring this issue to the court's attention by filing this motion for discharge. And just as trial counsel Bloh argued, that's the only mechanism for the defendant to address his wrongs here because when the trial court ruled on page 90, R90, trial court says just because a person is arrested does not mean the state is going to prostitute them, but that does not mean the process of arrest and holding a defendant until the decision is made to charge them and the appropriate charging documents are filed is unconstitutional or violent of the speedy trial statute. But wouldn't your argument and your reliance upon Macon and Herndon, wouldn't it be stronger if there was statute of limitations issue here? I mean, certainly. But what I would state is that based on the wording that I just quoted from the trial judge, the trial judge is basically saying a person, the way this stands in this case, a person can be arrested, no charging documents need to be filed, and then the only time limitation on the state is the statute of limitations. And that certainly can't be the rule. The rule can't be you can be taken into custody and then the state can wait three years to decide. Or that they have a time limit with the speedy trial. Well, and that's what we're arguing here, is that the speedy trial is our only limitation to enforce the defendant's rights here, to say, hey, the state can't hold you in custody with no charges filed. Yeah, but they can't hold you past 120 days whether charges are filed or whether they're not filed unless the defendant agrees to it. Correct? Right. So I guess this is where my mind is not wrapping around your argument, and I've been struggling with this. So your client agreed to the continuances, all of these continuances before there was a charging document, and so the 120 days kept getting made longer based upon his choice. So regardless of whether a charging document is filed or whether or not a charging document is filed, what's the diff? My argument, and again, my argument is that it wasn't the defendant's delay that pushes this outside the 120 days. It's the state who doesn't charge the defendant. Because I understand that the defendant is in custody, and once he's in custody, that clock starts to tick on speedy trial. And I understand that Mr. Steinberg was in present court and there were continuances that were agreed or acquiesced or no objection was made. But there's no charge on which Mr. Steinberg can agree or not agree to continue this case. And again, I would go back to the fact that when we look at the case law, without having a valid charging document, the defendant is left without the ability to demand a preliminary hearing. You said all that. That's true. But what's the state supposed to do? Take someone into custody, let's assume for the sake of argument that they know that the charging document is defective, but the defendant raises no objection to that and in fact agrees to each one of these continuances. Where's the harm? Where's the fault? And I guess the harm is that we're then setting up, I would say that this is more about policy. We're setting up a situation where the defendant has no protection. I mean, I understand that in this case he had counsel. How do we know he had no protection? Because when we look at Coleman, we're saying that you don't have your Supreme Court Rule 411 discovery rights if you don't have an information indictment. Do you know if he didn't get discovery here? Regardless of whether he did or didn't, the point is he has counsel who we have to assume has spoken to his client and there's nothing to indicate otherwise, and counsel gets up there every single time and says, we're agreeing to put this case over for whatever reason. And my argument would be that counsel had no other option. He can't, you know, there's no way. Yes, he did, with all due respect. Why couldn't counsel have said, excuse me, Your Honor, there's no charging document here? Instead, counsel overlooks that and agrees to the continuances. And I would just say that counsel did bring it to the court's attention, the way he brought it to the court's attention was to file this motion for dismissal. So why not then begin the speedy trial at that point then and say, okay, you've now objected and now there's an issue. The speedy trial would start then. The 120 days, excuse me, would start to run then because now counsel has objected to the issue. And I understand why that seems very logical. Thank you. But I think the problem still remains. The same problem we have in Coleman. The problem we have is the state, there's lots of things the defendant can do. The defendant can file lots of promotions, but ultimately the only person who has the ability to file proper charges, who has the duty to file proper charges, is the state. Right. And there's nothing in this record that says anything the defendant did caused the state not to be able to file this indictment. But the defendant can't always say, hey, state, put up or shut up. Either charge me or let me go. I mean, I would question the, I guess, wisdom of a defendant who's not charged with an indictment pushing the issue in terms of saying you have to charge me. Well, then he's going to lay in wait and then he's going to try and raise it later and then we're going to say we raised that. And I certainly, I certainly, I understand why the court could interpret this as laying in wait. I don't think there's anything in the record that indicates that Mr. Steinberg was laying in wait. I mean, it certainly seems that when the indictment was filed, he then realized that his, you know, there's no valid charging document and this is a problem. But again, I would shift the court's focus away from defense counsel and onto the state because, again, as we look at Coleman, the state is the one that has the duty and the burden of bringing these charges. And it's important to hold the state to that burden because without enforcing that, the state can hold people without charging them. Let me pose the other side of it. I represent a defendant. And if the state goes ahead and indicts him, now I've got to talk the state into reducing that charge. Let's assume I'm engaged in some type of preliminary negotiation for a plea agreement, whatever. Once they charge him with a felony, now I've got to talk him into reducing it. Or once they charged him with the X, I've got to talk him into reducing it to a class 3 or a class 4 or whatever it might be. So aren't we saying to defense attorneys, we're taking that right away from you? You can't agree to some time to work things out. Certainly not. I think that the, because first of all, in this case, these are felonies from the day, from the word go. I mean, the complaint lists them as class 1 felonies. There's no question. That's a complaint. It's an indictment. I mean, I agree with you. It's not a formal charge. But certainly, we, as a defense attorney, what you don't want is a client being held in custody with no formal charge. I mean, even if the state had just filed an information, we have a different scenario here. There's, I mean. But why would you want to force the state's hand is my question. Because, again, and I go back to the fact that from the perspective of a defendant, the defendant doesn't have all his rights until he's been formally charged with a felony. He might be getting a sweetheart deal. That's the point. But that assumes that this is a world in which they're all. But we don't have a record. We have no idea what was going on behind the scenes. All we have is a defendant agreeing to all this time. Right. But I think that where we don't have the record, the burden is on the state to say, I mean, they don't have any reason for their delay. You're the appellant. Well, I understand that. But I'm saying that the state is the one with the power to charge. The defendant can't bring a charge. The defendant can't say, I want you to. The defendant can't even force an indictment. They can demand a preliminary hearing. But, again, only if they're charged with a felony. So my argument here is allowing the state to hold someone in custody. And as the trial court ruled, someone can just be held in custody indefinitely while the state decides whether or not to charge you with no time limitation is a problem. And that's why the speedy trial statute is the defendant's only protection here. We have some suggestions, but no questions. Okay. Fair enough. Okay. You will have a chance to reply. Thank you. Good morning, Your Honor. Good morning. I guess you've already discussed all the practical reasons why... Oh, wait a second. You know, you can't just lock up a guy and just forget about it and don't even get someone to sign the complaint. Well... I mean, how do we overlook... We have a charging instrument. We also had a Gerstein hearing, which is pretty much the same as a preliminary hearing. But it's not... Well, it's not adversarial. It's not adversarial. Gerstein says that they're basically the same thing. So cross-examination is just fluff? Well, they say that cross-examination is not necessary in that type of proceeding. So one wasn't necessary. This defendant and defense counsel were put on alert with this complaint. The charging instrument set out all the essential elements. The defendant was aware. But it was not sworn to. It was not signed. Well, it was notarized. It's a technical default. I think that could have been changed. I don't think there would be any problem with that. If they indicted him, would there be an opportunity for cross-examination? What? Before a grand jury, would there have been an opportunity for cross-examination? Sure. I think there might be. I think you're wrong. I think I'm wrong, too. Yes. Okay. Although, I'm looking back. I was on a grand jury once. But anyway. Okay. But it's not adversarial. We have the essential elements. The only thing wrong in the complaint, which depends on the mention, is that the dates were incorrect. But those were corrected in discovery. They corrected them. Discovery was had. When? As soon as the case started. There was requests for discovery from both parties. Did the case start in July? I don't know the exact date. But it was pretty quick after that time. It was certainly in the summer. In defense counsel, I mean, prelims are waived all the time by defense counsel. You honors know that more than I. You've been in the trial court for... But that's a formal waiver. It's a formal waiver, but... It's not forfeiture. It's a waiver. The thing is, is that the statute state, 109-3.1B, state B1 states, the provisions of the paragraph do not apply when delayed by the defendant. Well, he agreed to these continuances. He asked for them. Paragraph C says, delayed occasion by the defendant temporarily suspense the 30-day period. I think it's clear that it was waived under these conditions. I don't know what else to say, Your Honors. You've pretty much covered everything in the other argument. So you believe that... Do you believe that the unsigned complaint filed on July 24th was a valid charge? Yes. I believe it was a valid charge to get to... Start the speech. To detain the defendant. How do you distinguish the Macon case and the Herndon case that the state is relying on? I'm sorry, Your Honor. I do not remember those cases at all, and I cannot help with that. The fact is, I think, in this case there was a waiver, I think, and the defendant wasn't charged, if I remember these cases, but they're a little... Defendant was not given new charges either. These were the same charges. The indictment contained were basically the same charges, just the dates of the offense were changed. So there was really nothing new here. Defendant was, you know, aware of what he was charged with, the defense counsel was. So your point is, okay, this piece of paper was a valid charge that did trigger speedy trial, but here because the defendant agreed through his counsel, no harm, no foul. That's basically your argument. Correct. And Your Honor's discussed already all the practical reasons behind that, and I don't think I need to discuss that anymore. Questions? Any other questions? No. Thank you. Mr. McClatchy. I'll just briefly, you know, I think that counsel for the State tries to dismiss this all as a technicality, but I really would, technicalities matter in this case, because technicality is the difference between a person being held in custody for reasons we don't know and someone having their rights to get discovery, to figure out what's the evidence against them, to have counsel. And that's the issue here. But would you say, yes, that would have triggered his right to get discovery? Well, he did get discovery. So is that a case where, okay, yeah, he had a right to that, but since he got it anyway, there's really no prejudice, no harm, no foul? The only problem with that is that we don't have harmless error for speedy trial violation here. And I think the issue that I'm really trying to address is we have a problem in this case. The defendant was arrested and held in custody, and there's no charge. And what is the vehicle that the defendant has to address this wrong? And realistically, because of the fact that all these other rights, all these other cases talk about you only get discovery if you fairly charge the felony under 411, you only have counsel. The only vehicle for the defendant to enforce his rights here is speedy trial, because we look at PICO and Hampton and all these cases. Speedy trial starts running the minute you're in custody, whether or not you have, you know, deficiencies in the charge. So here we have a defendant in custody, but he has no valid charge. And the only time limitation for him to address that wrong is the speedy trial time period. If we keep going back to that spot, where's the authority to say that because there is a non-valid charge, except for the sake of argument, this piece of paper did not formally charge him? Where's the authority that says that you cannot agree to a continuance in that context? I would say that there is no – This case would be the first one? This would be an opportunity to make new and better law. Fair enough. But I think that if we do look at some of the cases that I cited, like Williams. In Williams, I know it's an older case, it's 1971. But in Williams, the defendant is brought into a bond hearing with attempted murder and murder. He's held on both, but the state only indicts the murder. Then more than nine months goes by, and then the state decides we're going to indict him on the attempted murder. And he says, wait a second, what about my speedy trial rights? And the appellate court found that's correct. You're in custody. There was never an attempt murder charge in that case. You had two separate charges in that case. Well, he was in custody on the attempt murder charge. He was going to court every day, and they were just talking about the first murder that he had been indicted on. But he remained in custody on that second-degree murder charge. Everyone kind of forgot about it because they were focusing on the first-degree murder. But then nine months elapses, and the state doesn't indict him. But the continuances on that case were all on the murder charge. They were never on an attempt murder charge. Right. So then when they come in and try and charge him with basically a new charge, the court's like, well, wait a minute. You can't do that now. Well, but the speedy trial was running because he was in custody on a complaint that whole time. And I'm suggesting this is very similar. We have one difference. We are here, this court ostensibly was saying we're here on this charge. But really, since there is no charge, the continuances weren't on any charge. This charge is nothing. It's a piece of paper that's not signed. So all these continuances are of no effect. But in that Williams case, he wasn't indicted immediately on the murder charge. He was there on a complaint on the murder charge first. Correct? He was indicted on the murder charge within the time frame, and then they agreed to continuances. So once they had indicted him, he agreed to continuances. Those continuances were charged against him. There were continuances that he agreed upon before the indictment, too. That's correct. Okay. And, again, I just would make the distinction here that the defendant, I understand I'm not ignorant of the idea that we have defense counsel here who is agreeing to things. But I think the problem is still that we have the state who has the murder charge and who hasn't brought the charge. And I think we really have a problem when we look at the trial court's reasoning here. And they say to a defendant, it's not a problem if the state puts you in custody and then waits to decide to charge you for any time period they want because that's okay. We can affirm for any reason based on the record, not necessarily for the trial court's enunciated reason. Certainly. But I still think affirming it in this case still creates a policy that it's fine if the state doesn't file these formal charges. It's fine if the defendant doesn't have the right to counsel, the right to get discovery. It's fine because we don't see the harm here. No, it's fine because the counsel agreed to it. And I understand the attractiveness of that argument. I wasn't ignorant when I was writing this brief. But I still think the problem becomes we have to hold the state to their duty to charge people and not allow people to be in custody without these valid charges. So you're looking at the equity of it. I am. Okay. And perhaps a post-conviction petition someday might be the way to go. Perhaps that's something that hopefully we won't need to explore. I don't know what if we do. But for those reasons, I would ask that this court reverse the trial court's decision. Thank you. Thank you. All right. Thank you both very much. Interesting arguments. And we will be in recess until our next oral.